**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**CUMIS INSURANCE SOCIETY, INC.,**

        **Plaintiff,**

     v.           **6:12-CV-1070
                  (FJS/ATB)**

**JASON J. LAPIERRE,**

        **Defendant.**

---

**APPEARANCES**            **OF COUNSEL**

**MCNAMEE, LOCHNER, TITUS**    **KENNETH L. GELLHAUS, ESQ.**
**& WILLIAMS, P.C.**
677 Broadway
Albany, New York 12207-2503
Attorneys for Plaintiff

**JASON J. LAPIERRE**        **NO APPEARANCE**
Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Currently before the Court are Plaintiff's motion for a default judgment in the amount of $410,998.45 plus prejudgment interest through December 4, 2012, at the New York State legal interest rate of 9% per annum, totaling $39,121.70 (with a per diem of $101.34 each day after December 4, 2012) and Plaintiff's Bill of Costs, seeking $785.00 in costs and disbursements. *See* Dkt. No. 12.

## II. BACKGROUND

On July 3, 2012, Plaintiff filed the complaint in this action seeking a money judgment of $410,998.45 based on the grounds of conversion, breach of fiduciary duty and/or unjust enrichment. *See* Affidavit of Kenneth L. Gellhaus sworn to December 4, 2012 ("Gellhaus Aff."), at ¶ 2. On July 31, 2012, Plaintiff served a copy of the summons and complaint personally on Defendant at his residence at Mid-State Correctional Facility, in Marcy, New York. *See id.* at ¶ 4. On August 23, 2012, Plaintiff filed a certificate of service evidencing such service. *See* Dkt. No. 6. Defendant did not answer or otherwise respond to the complaint. Therefore, Plaintiff requested that the Clerk of the Court enter a certificate of default, which the Clerk of the Court did on November 5, 2012. *See* Dkt. Nos. 9-11.

Plaintiff was the insurer with respect to a certain fidelity bond issued in favor of Hudson River Community Bank (the "Bank"). *See* Affidavit of Matthew Staggs sworn to November 30, 2012 ("Staggs Aff."), at ¶ 5. Plaintiff alleged that Defendant's actions led to the Bank's insurance exposure for which Plaintiff had paid substantial sums to the Bank for its loss. *See id.* at ¶ 6. Defendant pled guilty to grand larceny in the second degree under New York Penal Law § 155.40(1) and is currently serving a prison sentence in connection with these events. *See id.* at ¶ 7.

Specifically, in its complaint, Plaintiff alleged that Defendant had been an employee of the Bank from May 2006 through December 2010. *See* Complaint at ¶ 6. Plaintiff asserted that, during the course of Defendant's employment, Defendant had intentionally and unlawfully converted funds from the Bank by, among other means, engaging in an ongoing, systematic scheme in which he had duplicated company checks written to the Bank's business vendors and

had deposited those checks into his personal bank accounts and various other accounts that he controlled. *See id.* at ¶ 7. In addition, Defendant allegedly, without authorization, had written company checks to various payees – some legitimate and others fictitious – and had deposited those checks into his personal bank accounts and various other accounts that he controlled. *See id.* at ¶ 8. Plaintiff asserted that losses from Defendant's systematic theft schemes were in excess of $415,998.45. *See id.* at ¶ 9.

Moreover, Plaintiff contended that, as a result of Defendant's actions, Plaintiff had paid the Bank $410,998.45, pursuant to a fidelity bond with Plaintiff, and that Plaintiff is now subrogated to the Bank's rights in the same amount. *See id.* at ¶ 10. Finally, based on these allegations, Plaintiff had asserted causes of action for conversion, breach of fiduciary duty, and unjust enrichment. *See id.* at ¶¶ 13-26.

Mr. Staggs asserted in his affidavit that Plaintiff had transmitted funds totaling $430,041.97 to the Bank by wire transfer on May 6, 2011. *See* Staggs Aff. at ¶ 8. These funds consisted of the actual loss of $415,041.97 (less a $5,000.00 deductible) and a further $20,000.00 paid to the Bank pursuant to a paragraph of the insurance policy providing an insured with $20,000.00 to cover "Audit Expense" at the time of a covered loss for which Plaintiff determines that an insured has made a satisfactory showing of its entitlement to payment under the policy. *See id.* at ¶ 8 & Exhibit "2" attached thereto. Mr. Staggs further stated that he did not know of any credible defense that Defendant would have to Plaintiff's request for an award of $410,998.45. *See id.* at ¶ 10.

### III. DISCUSSION

**A. Plaintiff's motion for entry of a default judgment**

*1. Default judgment standard*

When a court considers a motion for entry of a default judgment, it must "accept[] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). However, the court cannot construe the damages alleged in the complaint as true. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 199) (citations omitted). Rather, the court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (citation omitted). This inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Id.* Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted). "The Second Circuit has approved the holding of an inquest by affidavit, without a hearing, as long as the court has 'ensured that there was a basis for the damages specified in the default judgment.'" *Govt. Employees Ins. Co. v. IAV Med. Supply, Inc.*, No. 11-CV-4261, 2013 WL 764735, *8 (E.D.N.Y. Feb. 8, 2013) (quoting *Transatlantic Marine*, 109 F.3d at 111).

*2. Plaintiff's claims*

*a. Conversion claim*

Under New York law, "'[c]onversion is the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights.'"

*Pacific M. Int'l Corp. v. Raman Int'l Gems, Ltd.*, 888 F. Supp. 2d 385, 396 (S.D.N.Y. 2012) (quotation omitted). """Two key elements of conversion are (1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiffs [sic] rights.""" *Id.* (quotation omitted); *see also Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 403-04 (2d Cir. 2006) (quotation omitted).

In this case, the Bank, of whom Plaintiff is the subrogee, had a possessory interest in its funds and Defendant asserted dominion over those funds by taking those funds and depositing them in his own accounts in derogation of the Bank's rights. Thus, the Court finds that Plaintiff has sufficiently alleged a claim for conversion.

### b. Breach-of-fiduciary-duty claim

Under New York law, a claim for breach of fiduciary duty requires that the plaintiff establish the following factors: "(1) the existence of a duty which defendant[] owed, based on a relationship of trust and confidence, (2) a breach of that duty by defendant[], and (3) that defendant['s] breach was the proximate cause and cause in fact of plaintiff's loss." *Constantin Assocs. v. Kapetas*, No. 601305/2006, 2007 WL 4294732, *4 (Sup. Ct. N.Y. Cnty. Dec. 6, 2007); *see also LaSalle Bank Lake View v. Seguban*, 937 F. Supp. 1309 (N.D. Ill. 1996) (holding that an employee of a bank owed a fiduciary duty to the bank and that her embezzlement of the bank's funds breached that duty). In the context of an employer-employee relationship, "an employee is 'prohibited from acting in any manner inconsistent with his agency or trust and is at all times bound to exercise the utmost good faith and loyalty in the performance of his duties.'" *Constantin Assocs.*, 2007 WL 4294732, at *4 (quotation omitted).

In this case, Defendant was an employee of the Bank and, therefore, owed the Bank a duty to exercise loyalty in the performance of his duties. Defendant's theft of the Bank's funds clearly breached that duty and that breach was the cause of the Bank's loss. Therefore, the Court finds that Plaintiff has sufficiently alleged a claim for breach of fiduciary duty.

### c. Unjust enrichment claim

"'To prevail on a claim for unjust enrichment in New York, a plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution.'" *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.* 448 F.3d 573, 586 (2d Cir. 2006) (quotation omitted).

In this case, Plaintiff has established that Defendant benefitted by converting the Bank's funds to his own use and that Plaintiff suffered a loss of funds as a result. Furthermore, the Court finds that equity and good conscience require that Defendant pay restitution for the funds that he stole from the Bank. Therefore, the Court concludes that Plaintiff has sufficiently alleged a claim for unjust enrichment.

### 3. Damages

#### a. Compensatory damages

Plaintiff has submitted the affidavit of Matthew Staggs, one of its Recovery Claims Specialists, to support its claims for damages. *See* Staggs Aff. at ¶ 1. In that affidavit, Mr. Staggs states that he has reviewed the books and records that Plaintiff keeps in the ordinary course of its business as an insurance company. *See id.* at ¶ 3. Furthermore, Mr. Staggs contends

that Defendant's actions led to the Bank's insurance exposure for which Plaintiff paid substantial sums to the Bank for its loss. *See id.* at ¶ 6. Mr. Staggs also asserts that Plaintiff transmitted funds totaling $430,041.97 to the Bank by wire transfer on May 6, 2011, which consisted of the actual loss of $415,041.97 (less a $5,000.00 deductible) and a further $20,000.00 pursuant to the insurance policy to cover audit expenses. *See id.* at ¶ 8 & Exhibit "2" attached thereto, which is a copy of the computer screen prints from Plaintiff's records showing the electronic transmittal of these funds to the Bank.

The Court finds that Mr. Staggs' affidavit and the attached Exhibit "2" are a sufficient basis for determining damages and that there is no need for a hearing. The Court, therefore, grants Plaintiff's motion for a default judgment in the amount of **$410,998.45**.

### b. Prejudgment interest

Plaintiff also seeks prejudgment interest on the $410,998.45 damages award through December 4, 2012, at the New York legal rate of 9% per annum, totaling $39,121.70 (with a per diem of $101.34 each day after December 4, 2012. *See* Gellhaus Aff. at WHEREFORE Clause.

In diversity cases such as this one, the award of prejudgment interest is a substantive issue which New York law governs. *See Govt. Employees Ins. Co.*, 2013 WL 764735, at *8 (citations omitted). Section 5001 of New York Civil Practice Law and Rules provides, in pertinent part, that "[i]nterest shall be recovered upon a sum awarded . . . because of an act . . . depriving or otherwise interfering with title to, or possession or enjoyment of, property . . . ." N.Y. C.P.L.R. § 5001(a); *see also Beeck v. Costa*, 959 N.Y.S.2d 628, 642 (Sup. Ct. N.Y. Cnty. 2013) (holding that "[t]he award of prejudgment interest in cases of . . . unjust enrichment and breach of

fiduciary duty is proper where a defendant wrongly held a plaintiff's money" (citations omitted)). Section 5001 further provides that "[i]nterest shall be computed from the earliest ascertainable date the cause of action existed . . . ." N.Y. C.P.L.R. § 5001(b).

In this case, because Plaintiff transmitted the funds to the Bank on May 6, 2011, it appears to the Court that this would be the proper date from which to begin computing prejudgment interest. *Cf. Chubb & Son Inc. v. Kelleher*, Nos. 92CV4484CBARML, 95CV0951CBARML, 2006 WL 1789118, *5 (E.D.N.Y. Mar. 28, 2006) (holding that, in the insurance fraud context, "'prejudgment interest accrues from the date the insurance company makes payment'" (quotation omitted)), *report and recommendation adopted by*, 2006 WL 2728636 (E.D.N.Y. Mar. 30, 2006).

However, Plaintiff's request for prejudgment interest in the amount of $39,121.70 through December 4, 2012, does not coincide with an accrual date of May 6, 2011. Rather, based on the Court's calculations, it appears that Plaintiff has calculated prejudgment interest beginning on November 14, 2011; i.e., $39,121.70 (total prejudgment interest through December 4, 2012) / $101.34 (per diem interest rate) = 386 days (which would be the number of days between November 14, 2011, and December 4, 2012). As far as the Court can tell from its review of the record, there is no significance to the November 14, 2011 date. Furthermore, the Court notes that Plaintiff's proposed order states that Plaintiff is seeking "judgment against defendant in the liquidated amount of $410,988.45[1] with interest at 9% from **May 6, 2011** amounting to $39,121.70 . . ." *See* Dkt. No. 12-2 (emphasis added). Again, according to the Court's

---

[1] The Court assumes that the amount of "$410,988.45" is a typographical error and that Plaintiff meant to type "$410,998.45."

calculations, if prejudgment interest began to accrue on May 6, 2011, then the amount of prejudgment interest that Plaintiff would have earned through December 4, 2012, would be $58,574.52, calculated as follows: $101.34 (the daily interest rate) X 578 days (the number of days between May 6, 2011 and December 4, 2012).

Since the Court cannot determine based on Plaintiff's submissions on what date it began to calculate prejudgment interest, the reason it chose that date, or how it arrived at the total prejudgment interest due as of December 4, 2012, the Court reserves decision on Plaintiff's request for prejudgment interest and instructs Plaintiff to file an affidavit and supporting documentation to support its prejudgment interest calculation. *See* N.Y. C.P.L.R. § 5001(c) (providing that the court must include the date on which it commenced calculating prejudgment interest in its decision).

### B. Plaintiff's Bill of Costs

Plaintiff submitted a Bill of Costs with its motion for entry of a default judgment. Plaintiff seeks costs in the amount of $785.00, comprised of $700.00 for "Fees of the Clerk" and $85.00 for "Fees for service of summons and subpoena."

Pursuant to Section 1924 of Title 28 of the United States Code, "[b]efore any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by . . . his duly authorized attorney . . . having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which the fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924.

Plaintiff has not submitted such an affidavit. Nor has Plaintiff submitted an invoice to

show that it expended $85.00 for the service of the summons and complaint on Defendant. Furthermore, although Plaintiff claims that it expended $700.00 for "Fees of the Clerk," there is no documentation to substantiate those costs. Although the Docket indicates that Plaintiff paid the $350.00 filing fee to commence this action, *see* Dkt. No. 1, it is unclear to what the remaining $350.00 in "Fees of the Clerk" refers. Therefore, the Court will reserve decision on Plaintiff's Bill of Costs and instructs Plaintiff to file a new Bill of Costs with an attached affidavit and other documentation to demonstrate that it expended the funds for which it seeks reimbursement in its Bill of Costs.

## IV. CONCLUSION

Accordingly, after reviewing the entire file in this matter, Plaintiff's submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff is entitled to entry of a default judgment in the amount of **$410,998.45** against Defendant; and the Court further

**ORDERS** that the Court **RESERVES** decision with respect to Plaintiff's request for prejudgment interest and its Bill of Costs; and the Court further

**ORDERS** that, no later than **April 19, 2013**, Plaintiff shall file an affidavit and the necessary documentation indicating the date on which it believes that prejudgment interest

should start to accrue, why it chose that particular date, and the amount of prejudgment interest to which it claims it is due from that date through **April 26, 2013**; and the Court further

**ORDERS** that, no later than **April 19, 2013**, Plaintiff shall file a new Bill of Costs, together with an affidavit and other documentation necessary to demonstrate that it has expended the funds for which it seeks reimbursement in its Bill of Costs.[2]

**IT IS SO ORDERED.**

Dated: April 8, 2013
       Syracuse, New York

                                    Frederick J. Scullin, Jr.
                                    Senior United States District Court Judge

---

[2] Once the Court has had the opportunity to review Plaintiff's submissions, it will render a decision regarding prejudgment interest and the Bill of Costs and will enter judgment accordingly.